IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| New Times Media, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 10-72-GMS-LPS |
| | : | |
| Bay Guardian Company, Inc., | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION REGARDING PENDING MOTIONS**

At Wilmington, this 11th day of May, 2010:

1.      The Plaintiff in this case is New Times Media, LLC ("New Times"), a Delaware limited liability company. (D.I. 1 Ex. A ¶ 1) New Times is also a holding company that maintains interests in publishing and internet enterprises, including one that publishes a free newspaper in San Francisco entitled the *SF Weekly*. (D.I. 1 Ex. A ¶¶ 1, 8.n, 23)

2.      The Defendant is Bay Guardian Company, Inc. ("Bay Guardian"), a California corporation. (D.I. 1 Ex. A ¶ 2) Bay Guardian publishes a free weekly newspaper in San Francisco, entitled the *San Francisco Bay Guardian*. (*Id.*)

3.      Following a trial, in May 2008 the California Superior Court entered judgment (in the amount of $15.9 million) in favor of Bay Guardian and against New Times for conspiring to artificially lower the prices for alternative newspaper advertising in the San Francisco area. (D.I. 1 Ex. A ¶¶ 11-12) New Times has not paid the judgment. New Times has, however, filed an appeal in the California state courts, which remains pending. (D.I. 1 Ex. A ¶ 13)

1

4.      In an effort to collect on its California judgment, Bay Guardian moved for and, in January 2010, received a "charging order." (D.I. 1 Ex. A ¶ 15) On its face, the charging order provides that it "created a lien in favor of Bay Guardian Company, Inc., on New Times Media LLC's interests in" various operating entities "in the amount of the unpaid Judgment" plus costs and attorneys fees. (D.I. 1 Ex. A ¶ 17) Bay Guardian believes that, with the charging order, California law provides it the option of filing a motion seeking to foreclose on New Times property. New Times disagrees. Instead, New Times believes that because it is a Delaware entity, Delaware law is applicable, and Delaware law does not permit foreclosure on a charging order.

5.      On January 13, 2010, New Times filed suit against Bay Guardian in the Delaware Court of Chancery, seeking a declaratory judgment that if Bay Guardian seeks to enforce the charging order in the California courts then Delaware law will apply and will preclude foreclosure. (D.I. 1 at 1)

6.      On January 27, 2010, Bay Guardian removed the case to federal court. (D.I. 1)

7.      On May 5, 2010, the Court held a hearing on the following pending motions: (i) New Times' motion for summary judgment and a permanent injunction (D.I. 8); (ii) Bay Guardian's cross-motion for summary judgment and/or judgment on the pleadings (D.I. 17); (iii) Bay Guardian's motion to enter the California judgment (D.I. 22); and (iv) New Times' motion to dismiss Bay Guardian's counterclaim (seeking to enter the California judgment) (D.I. 25).[1]

---

[1]Bay Guardian's Motion for Scheduling Conference and for Enlargement of Time (D.I. 12) is HEREBY DENIED AS MOOT.

8. The Court may grant summary judgment only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(c)(2). Here, the parties are in agreement that there is no genuine dispute of material fact. I believe that Bay Guardian is entitled to judgment as a matter of law, because the relief sought by New Times is precluded by the Federal Anti-Injunction Act. Therefore, as I explain below, I recommend that New Times' motion for summary judgment be denied and that Bay Guardian's motion for summary judgment be granted.

9. The Federal Anti-Injunction Act, 28 U.S.C. § 2283 (hereinafter "Act" or "Anti-Injunction Act"), provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." As the Third Circuit has stated, "This statute, with a venerable lineage that postdates the Bill of Rights by a mere two years, is designed to avert needless and unseemly friction between state and federal courts." *U.S. Steel Corp. Plan for Employees Ins. Benefits v. Musisko*, 885 F.2d 1170, 1173 (3d Cir. 1989); *see also* 21 C.J.S. Courts § 296 (stating Act intends to "prevent friction between federal and state courts by barring federal intervention in state court proceedings in all but the narrowest of circumstances").

10. Thus, the Anti-Injunction Act operates as "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *In re Glenn W. Turner Enterprises Litig.*, 521 F.2d 775, 779 (3d Cir. 1975) (internal quotation marks omitted). The three exceptions – express Congressional authorization,

3

necessity of aiding federal jurisdiction, or protecting and effectuating federal judgments – are to

be construed narrowly. *See In re General Motors Corp. Pick-Up Truck Fuel Tank Products

Liability Litig.*, 134 F.3d 133, 144 (3d Cir. 1998). Consequently, as the Supreme Court has held,

"[p]roceedings in state courts should normally be allowed to continue unimpaired by intervention

of the lower federal courts, with relief from error, if any, through the state appellate courts and

ultimately this Court [i.e., the United States Supreme Court]." *Atlantic Coast Line R. Co. v.

Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287 (1970). To implement this general

preference that state court proceedings be permitted to proceed, "[a]ny doubts as to the propriety

of a federal injunction against state court proceedings should be resolved in favor of permitting

the state courts to proceed in an orderly fashion to finally determine the controversy." *Id.* at 297.

11.     Furthermore, "[w]here, as here, declaratory relief would produce the same effect

as an injunction, a declaratory judgment is barred if section 2283 would have prohibited an

injunction." *U.S. Steel Corp. Plan*, 885 F.2d at 1175; *see also Gloucester Marine Railways

Corp. v. Charles Parisi, Inc.*, 848 F.2d 12, 15 (1st Cir. 1998) ("[I]f a declaratory judgment would

have essentially the same effect as an injunction, it should be refused if the injunction would be

barred by § 2283.") (internal quotation marks omitted).

12.     Here, the injunctive and declaratory relief sought by New Times would have the

effect of interfering with the ongoing California state court proceedings, in that it would require

the California Superior Court to apply Delaware law – without undertaking any analysis of the

issue – in the event that Bay Guardian files a motion in the pending California proceeding to

foreclose on New Times property, as part of Bay Guardian's efforts to enforce the California

judgment. Granting New Times the declaratory judgment it seeks here would interfere with the

4

California proceeding because, by application of the doctrine of *res judicata*, the California court would be precluded from undertaking a choice-of-law analysis and would be required (by order of this Court) to apply Delaware law to the parties' dispute. This interference would be imposed on an <u>ongoing</u> California state court proceeding. It would not be limited to a presently-uninitiated future action, as New Times incorrectly insists. Rather, as New Times' own description of the California proceedings demonstrates,[2] any effort by Bay Guardian to foreclose on the charging order would occur in the context of the same California action that has been pending since 2004 and remains pending today. *See IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 314 (3d Cir. 2006) (enforcement action that piggybacks on original suit may be permitted to survive Anti-Injunction Act); *In re Glenn Turner*, 521 F.2d at 779 (applying Act to prohibit interference with action "to enforce collection of a state court judgment"); *see also Gloucester Marine*, 848 F.2d at 15 (holding Act applies "to any proceeding supplemental or ancillary taken with a view to making the suit or judgment effective").

13.     New Times contends that application of the Anti-Injunction Act would leave New Times without a remedy for what it insists is a likely egregious violation of Delaware law. New

---

[2]At the motions hearing, New Times explained to me:

[T]he caption is the same. In other words, the caption continues in the case where the judgment was entered but each proceeding, if you will, that comes before the commissioner is by a separate motion. So in the sense of are they filing a new complaint as far as service of summons and the implementation of the California rules in that respect, the answer is no, but that is because of the rules of California.

(Transcript of May 5, 2010 Hearing (D.I. 47) (hereinafter "Tr.") at 10-11) Bay Guardian agreed. (Tr. at 19 ("If I were to go and foreclose on any of the LA weekly, the OC weekly or the San Francisco Weekly, I would do it in the same proceeding in San Francisco, the same case number."))

Times adverts to the "internal affairs doctrine" and the *Burford* abstention doctrine as reasons to declare that the foreclosure dispute between New Times and Bay Guardian must be resolved pursuant to Delaware law. There is, however, every appearance that the ongoing California state court proceedings – which include the enforcement action in the California Superior Court, as well as the appeal initiated by New Times – provide a fully adequate forum in which New Times may present all of its arguments, including its contention that Delaware law precludes foreclosure on the charging order.[3] If it is as clear as New Times asserts that Delaware law governs, and that Delaware law precludes the foreclosure efforts that may be contemplated by Bay Guardian, then New Times should be able to persuade the California state courts of these points.

14.     New Times asks that if it is not to be granted summary judgment on the declaratory and injunctive relief it seeks that, as an alternative, this matter be remanded to the Delaware Court of Chancery.[4] The request for remand is largely premised on New Times' view

---

[3]New Times has already raised the issue, in connection with seeking (unsuccessfully) a stay of the charging order. *See Bay Guardian v. New Times Media*, Case No. CGC-04-435584 (Cal. Super. Ct.), Jan. 12, 2010 hearing transcript (May 5, 2010 Hearing Exhibit 1) (hereinafter "Cal. Tr.") at 13. Contrary to Bay Guardian's contention (Tr. at 17), the California Superior Court does not appear to have decided whether or not to apply to Delaware law, in the event that Bay Guardian does file a foreclosure motion. Rather, the Superior Court seems to have held – as both parties argued, *see* Cal. Tr. at 3-4, 18-19; *see also* Tr. at 5 (New Times observing that Bay Guardian, to obtain the relief it has suggested it might seek, would "need[] to go back into the California court . . . and file further motions and proceedings in order to exercise those rights"); Tr. at 21 (Bay Guardian representing: "I'd have to file a motion to foreclose, we'd have proceedings, and they'd have all sorts of time and all sorts of argument . . . before a California court would order that.") – that further proceedings will be necessary before any foreclosure occurs. *See* Cal. Tr. at 21 ("[T]here are further steps that must be followed prior to a foreclosure sale of the charged entities."). Part of what will remain to be resolved in the further California proceedings would be the issue of whether Delaware or California law applies.

[4]New Times did not file a motion to remand. Instead, in the course of briefing on the cross-motions for summary judgment, on February 22, 2010 – less than 30 days after the case was removed to this Court – New Times argued that "[i]f this Court agrees with Bay Guardian

that, absent remand, it will be left with no forum in which to present its position about the impact of Delaware law. (*See, e.g.*, Tr. at 12-13.) I have already rejected this contention. Furthermore, New Times' request assumes that the Anti-Injunction Act is jurisdictional, and that this Court's denial of New Times' motion for summary judgment is based on a lack of jurisdiction. (D.I. 21 at 6-7; *see also* Tr. at 13.) However, the Anti-Injunction Act does not appear to be jurisdictional. *See Gloucester Marine*, 848 F.2d at 15 ("The Act is not strictly jurisdictional; it merely deprives the federal courts of the power to grant a particular form of equitable relief."); *see also Prometheus Development Co., Inc. v. Everest Properties*, 289 Fed. Appx. 211, 212 n.1 (9th Cir. 2008) (citing cases and noting "[t]he Anti-Injunction Act is not a jurisdictional statute. It neither confers jurisdiction upon the District Courts nor takes away the jurisdiction otherwise specifically conferred upon them by the Federal statutes.") (internal quotation marks omitted).[5]

---

that the Anti-Injunction Act deprives this Court of subject matter jurisdiction, this case should be remanded to the Delaware Court of Chancery for further proceedings." (D.I. 21 at 6; *see also* Tr. at 28.)

    [5]The Third Circuit decisions cited by New Times in support of its position that the Anti-Injunction Act is jurisdictional (D.I. 21 at 6) do not actually stand for this proposition. *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 214 (3d Cir. 1997), is not an Anti-Injunction Act case; it holds only that when a district court determines it lacks subject matter jurisdiction over a removed action it is obligated to remand the action to state court. *Jennings v. Boenning & Co.* did use jurisdictional language to summarize its holding but did not specifically address whether the Act is jurisdictional. 482 F.2d 1128, 1135 (3d Cir. 1973) ("[T]he federal Anti-Injunction Act prevents the issue of an injunction restraining state proceedings to enforce the state judgment. Accordingly, we hold that the district court lacked jurisdiction to issue the injunction."). While New Times does cite an unpublished district court decision from within the Third Circuit which holds that "the requested injunctive relief cannot be granted because this Court lacks subject matter jurisdiction over the matter because [of] the Federal Anti-Injunction Act," *Smith v. Litton Loan Servicing, LP*, 2005 WL 289927, at *8 (E.D. Pa. Feb. 4, 2005), other district court decisions to the contrary may also be cited, *see Garrett v. Hoffman*, 441 F. Supp. 1151, 1159 & nn. 14-15 (E.D. Pa. 1977) ("The Anti-Injunction Act is not jurisdictional, notwithstanding the occasional decisions to the contrary.") (internal footnote omitted).

As New Times failed to file a timely motion to remand on any other basis, I do not recommend that this matter be remanded.[6]  Rather, I recommend that judgment be entered in favor of Bay Guardian.

15.    Turning to New Times' motion to dismiss Bay Guardian's counterclaim to "enter" the California judgment, I recommend that the motion be granted.  It appears that Bay Guardian is seeking to "register" the California judgment as a federal judgment, but this request asks this Court to do something more than accord full faith and credit to the California state court judgment, as is required by the Constitution and 28 U.S.C. § 1738. *See Seoul Guarantee Ins. Co. v. Young Jik Shon*, 2008 WL 5235913, at *2 & n.1 (M.D. Ala. Dec. 15, 2008) ("[C]ourts distinguish between giving full faith and credit to another court's judgment and registering the judgment. . . . [F]ederal courts are without authority to register state-court judgments."); *W.S. Frey Co. v. Precipitation Assocs. of Am., Inc.*, 899 F. Supp. 1527, 1528-29 (W.D. Va. 1995) (same).  Pursuant to Federal Rule of Civil Procedure 12(b)(6), I recommend that the Court grant New Times' motion to dismiss the counterclaim as the counterclaim fails to state a claim on which relief may be granted.

Accordingly, for the reasons set forth above, I recommend that the Court:

A.    DENY New Times' motion for summary judgment and a permanent injunction (D.I. 8);

B.    GRANT Bay Guardian's cross-motion for summary judgment on New Times' complaint (D.I. 17);

---

[6]*See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . .").

C.      DENY Bay Guardian's motion to enter the California judgment (D.I. 22); and

D.      GRANT New Times' motion to dismiss Bay Guardian's counterclaim (D.I. 25).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R.

Civ. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections

**of no longer than ten (10) pages within fourteen (14) days after being served with a copy of**

**this Report and Recommendation**.  Fed. R. Civ. P. 72(b).  The failure of a party to object to

legal conclusions may result in the loss of the right to de novo review in the district court.  *See*

*Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 Fed.

Appx. 924, 925 n.1 (3d Cir. 2006).  **A party responding to objections may do so within**

**fourteen (14) days after being served with a copy of objections; such response shall not**

**exceed ten (10) pages.  No further briefing shall be permitted with respect to objections**

**without leave of the Court.**

The parties are directed to the Court's Standing Order In Non-*Pro Se* Matters For

Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is

available on the Court's website, www.ded.uscourts.gov/StandingOrdersMain.htm.


Dated: May 11, 2010

Leonard P. Stark
UNITED STATES MAGISTRATE JUDGE