IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEW TIMES MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 10-72-GMS-LPS |
| | ) |
| BAY GUARDIAN CO., INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM ORDER

Pending before the court are Magistrate Judge Stark's Report and Recommendation, (the "R and R"), dated May 11, 2010 (D.I. 48), New Times Media, LLC's ("New Times") Objections to the Report and Recommendation (D.I. 50), and Bay Guardian Company, Inc.'s ("Bay Guardian") Partial Objection to the Report and Recommendation (D.I. 49). For the reasons discussed, the court will overrule both New Times' and Bay Guardian's objections, and adopt the R and R (D.I. 48), which recommends that the court: (1) deny New Times' motion for summary judgment and a permanent injunction (D.I. 8); (2) grant Bay Guardian's cross motion for summary judgment on New Times' complaint (D.I. 17); (3) deny Bay Guardian's motion to enter the California judgment (D.I. 22); and (4) grant New Times' motion to dismiss Bay Guardian's counterclaim (D.I. 25).

### II.   THE PARTIES' OBJECTIONS

#### A. New Times' Objections

With respect to the May 11, 2010 R and R, New Times contends that Magistrate Judge Stark erred in recommending that the court deny its motion for summary judgment and a permanent injunction, and that he incorrectly concluded that remand to the Delaware Chancery

Court is improper. Specifically, New Times contends that the magistrate judge erred, because the Federal Anti-Injunction Act, 28 U.S.C. § 2283 (the "Act"), does not apply to this case. Therefore, New Times contends it is appropriate to enjoin Bay Guardian from instituting foreclosure proceedings against either it, or any of its sixteen fully-owned entities (the "entities").

New Times contends that the Act does not apply to this case, because it only bars stays of suits already instituted, and does not bar injunctions against the institution of state court proceedings. Accordingly, New Times asserts that the ruling California action,[1] which resulted in a substantial judgment for Bay Guardian and a subsequent charging order, does not encompass the uninstituted foreclosure proceedings at issue in this court. New Times admits that any future foreclosure proceedings will be linked procedurally to the California judgment, because they will be brought under the same caption. New Times maintains, however, that the judgment and foreclosure are substantively different, and should be considered distinct for purposes of the Act.

Nonetheless, if the court determines that the Act applies to future foreclosure proceedings, New Times asserts that the court should remand this action to the Delaware Chancery Court, because it and fourteen of the entities are domiciled in Delaware.[2] New Times contends that its claim is valid in Delaware state court, and that there is no other available forum that offers a sufficient remedy. Citing *Gloucester Marine Railways Corp. v. Charles Parisi, Inc.*, 848 F.2d 12, 16 (1st Cir. 1988), New Times maintains that the court should permit a plaintiff to

---

[1] In May 2008, a California Superior Court entered judgment in favor of Bay Guardian and against New Times in the amount of $15.9 million, plus fees, costs and interest. The current value of the judgment is approximately $22 million. New Times did not pay the judgment and, in 2010, Bay Guardian moved for, and was granted, a charging order. The charging order acts as a lien on New Times' interests in sixteen fully-owned, non-debtor entities, giving Bay Guardian the option to foreclose on the entities.

[2] While New Times, admittedly, did not file a formal motion to remand pursuant to 28 U.S.C. § 1447(c), New Times claims that it requested remand during the course of briefing on the cross-motions for summary judgment. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case . . . must be made within [thirty] days after the filing of the notice of removal . . . ."). New Times filed the brief in question on February 22, 2010, within thirty days of removal.

pursue its claims in a state court when a plaintiff does not have an available remedy in federal court as a result of removal. Therefore, New Times requests that the court remand this case to the Delaware Chancery Court.

Alternatively, New Times asserts that remand is proper, because judgment for Bay Guardian would undermine Delaware's corporate jurisprudence. In that vein, New Times contends that, under the abstention and internal affairs doctrines, federal courts should abstain from interfering with the development and administration of states' complex statutory schemes when they are intended to regulate domiciled corporations. Here, New Times asserts that failure to remand would undermine Delaware law because, unlike California law, Delaware law does not allow judgment winners to foreclose on non-debtor entities. According to New Times, if the court renders a judgment contrary to Delaware law, it will effectively make Delaware less appealing to corporations.

### B. Bay Guardian's Objection

Bay Guardian contends that Magistrate Judge Stark erred in recommending that the court deny its counterclaim to enforce the California judgment against New Times. Specifically, Bay Guardian maintains that it is not seeking to register the California judgment as a federal judgment but, instead, is asserting the final judgment as a counterclaim pursuant to Federal Rules of Civil Procedure 56 and/or 58(b)(2)(B). Bay Guardian further contends that it seeks to *enter* rather than *register* the judgment. (D.I. 49 at 2-3) (emphasis added). Bay Guardian encourages the court to view this as a case of first impression, and asserts that the two opinions cited in the R and R are irrelevant, because the moving parties in those cases asserted the judgment as the jurisdictional basis for the lawsuit.[3] Bay Guardian claims that the present case is distinguishable

---

[3] *Seoul Guarantee Ins. v. Young Jik Shon*, Civil Action No. 2:08mc3422-MHT, 2008 WL 5235913 (M.D. Ala. Dec. 15, 2008); *W.S. Frey Co., Inc. v. Precipitation Assoc. of Am.*, 899 F. Supp. 1527 (W.D. Va. 1995).

3

because, it is not using the judgment to obtain federal jurisdiction.[4] Therefore, Bay Guardian asserts that its counterclaim should be examined through a fresh lens.

### III. STANDARD OF REVIEW

Because the magistrate judge filed his report and recommendation pursuant to Rule 72(b)(1) of the Federal Rules of Civil Procedure, the pending motions are dispositive and the court's review is *de novo*. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify the recommendations of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The court also may receive further evidence or return the matter to the magistrate judge with instructions for proceedings. *Id.*

### IV. DISCUSSION

After having reviewed the record in this case, the May 11, 2010 R and R, the parties' submissions, and the applicable law, the court finds that the magistrate judge committed no factual or legal error in reaching his conclusions. More particularly, the magistrate judge correctly determined that the court should deny New Times' motion for summary judgment and a permanent injunction. Indeed, *United States Steel Corp. Plan for Employees Ins. Benefits v. Musisko*, 885 F.2d 1170 (3d Cir. 1989), requires that the court refrain from granting an injunction to stay the California state proceedings, except "as expressly authorized by Act of Congress, or where necessary to aid of [federal] jurisdiction, or to protect or effectuate [federal] judgments." *Id.* at 1173 (quoting 28 U.S.C. § 2283). Apart from these narrow exceptions, the Act operates as a strict bar against enjoining state proceedings. Here, the parties are in agreement that staying the California proceedings does not qualify under any of the three above-noted exceptions. Therefore, the injunction is improper if the Act, in fact, applies to this matter. While New Times cites case law in an attempt to demonstrate that the Act does not apply to this case, its argument

---

[4] In this matter, diversity jurisdiction exists under 28 U.S.C. § 1332.

fails because any new foreclosure proceedings that Bay Guardian elects to institute against New Times and the entities will fall under the umbrella of the ongoing California proceedings.[5] Further, although New Times alternatively asserts that declaratory relief is proper, the court disagrees. Pursuant to the relevant case law, a declaratory judgment action is barred when the Act prohibits an injunction, and where the declaratory judgment will produce the same effect as an injunction. *United States Steel Corp. Plan*, 848 F.2d at 1175; *Gloucester Marine*, 848 F.2d at 15. Here, either a permanent injunction or declaratory relief would interfere with the ongoing California proceedings because, in both cases, the doctrine of *res judicata* would require the California courts to apply Delaware law. Because Delaware law does not permit foreclosure on charging orders, Bay Guardian would be unable to foreclose against New Times and the entities. Accordingly, New Times' alternative argument is not persuasive, and the court will overrule its objection.

The magistrate judge also correctly determined that remand to the Delaware Chancery Court is improper for several reasons. First, the court notes that the California state court offers New Times a sufficient remedy. Indeed, proceedings in California remain ongoing, and the California court has not ruled on the choice of law issue. Therefore, New Times is not barred from advocating that Delaware law should govern subsequent California proceedings. More important, as the magistrate judge pointed out, New Times' informal request for remand incorrectly assumes that the Act is jurisdictional.[6] Upon review, the court finds no error in the magistrate judge's interpretation of *Gloucester Marine*, 848 F.2d at 15. That is, the court finds

---

[5] New Times cites to *Dombrowski v. Pfister*, 380 U.S. 479, 485 (1965), for the proposition that the Act only bars stays of suits already in progress. The court agrees but, as noted, concludes that any effort by Bay Guardian to foreclose on the charging order would occur in the context of the California proceedings. Therefore, *Dombrowski* is irrelevant.

[6] Indeed, in its February 22, 2010 brief, New Times requests remand solely under the assumption that the Act is jurisdictional. (D.I. 20.)

that *Gloucester Marine* concludes that the Act is not strictly jurisdictional. Given the foregoing, the court will not grant New Times' request for remand.

Finally, the court concludes that the magistrate judge correctly determined that Bay Guardian's counterclaim fails to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). The court has reviewed Bay Guardian's counterclaim and concludes that, although couched in different language, it effectively demands that the court register the California judgment. While the court certainly must accord full faith and credit to the California state judgment in accordance with Article IV § I of the United States Constitution and 28 U.S.C. § 1738, it cannot properly register a state-court judgment. The magistrate judge correctly distinguished that giving a state judgment full faith and credit means giving it preclusive effect, whereas registering a judgment requires that the court adopt the judgment as its own. *See W.S. Frey Co., Inc. v. Precipitation Assocs. of Am., Inc.*, 899 F. Supp. 1527, 1528 (W.D. Va. 1995); *Seoul Guarantee Ins. Co. v. Young Jik Shon*, Civil Action No. 2:08mc3422-MHT, 2008 WL 5235913 (M.D. Ala. Dec. 15, 2008). 28 U.S.C. § 1963 indicates that only a judgment rendered by a federal court may be registered in the federal courts.[7] Bay Guardian cannot properly state a claim to register the judgment, so the court must dismiss the counterclaim under Rule 12(b)(6). Accordingly, the court fully adopts the rationale set forth by Magistrate Judge Stark in his May 11, 2010 R and R, and will overrule both New Times' objections and Bay Guardian's partial objection.

Therefore, IT IS HEREBY ORDERED that:

1.  New Times' Objections to the Report and Recommendation (D.I. 50) is OVERRULED.

---

[7] 28 U.S.C. § 1963 provides, "judgment in an action for the recovery of money or property entered in any *court of appeals, district court, bankruptcy court, or in the Court of International Trade* may be registered by filing a certified copy of the judgment in any other district . . . ." (emphasis added).

6

2. Bay Guardian's Partial Objection to the Report and Recommendation (D.I. 49) is OVERRULED.

3. The Report and Recommendation, Dated May 11, 2010 (D.I. 48), is ADOPTED.

Dated: June 28, 2010

_____
CHIEF, UNITED STATES DISTRICT JUDGE